UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SONJA FALK,                )<br>                                          )<br>           Petitioner    )<br>                                          )           Docket No. 2:09-CV-346-P-S<br>v.                                       )<br>                                          )<br>JON ALAN SINCLAIR,    )<br>                                          )<br>           Respondent  )  | |

### PETITIONER'S BRIEF RESPONDING TO RESPONDENT'S FIRST MOTION *IN LIMINE*

Respondent objected to the admission of two exhibits, arguing that each is inadmissible hearsay. Petitioner asserts that even if any listed exhibit is hearsay, it is nonetheless admissible for the following reasons:

1. The Hague Convention specifically provides that all documents appended to or supporting a petition under the Convention "shall be admissible in the courts or administrative authorities of the Contracting States." [1]

2. 42 USC § 11605 mandates the admission of any document or information attached to a petition for return filed under the Hague Convention, or later submitted in support of such petition, without any requirement of authentication.[2]

3. Case law supports the assertion that this Court has discretion to admit documents, affidavits, and any other information filed in support of a Hague Convention petition regardless of the Court's formal evidentiary rules.[3]

---

[1] T.I.A.S. No. 11,670, at 1, 22514 U.N.T.S. At 98, *reprinted in* 51 Fed. Reg. 10493 (1986), art. 30.
[2] 42 USC §. 11605.
[3] *See* Dalmasso v. Dalmasso, 9 P.3d 551, 559-60 (Kan. 2000) (ruling that "any document offered **in support of a Hague petition**, whether affixed to the petition or not," may be admitted despite hearsay objection.) (emphasis added.), Aldinger v. Segler, 2002 U.S. Dist. LEXIS 26394 (D.P.R. 2002) ("Although said evidence proffered by the petitioner is hearsay, the Court considers it and the other materials attached to the petition as evidence in this case."), In re: Walsh, 31

4. Specifically regarding Petitioner's Exhibit 3, the entirety of the document is also admissible as an aid to the Court's determination of an issue of foreign law.[4]

For these reasons, Petitioner respectfully requests that the Court deny Respondent's Motion *in Limine*.

Dated at Portland, Maine:  November 19, 2009

/s/    DAVID SINCLAIR
David Sinclair
Student Attorney for the Petitioner
Bar No. S01

/s/    E. JAMES BURKE
E. James Burke
Faculty Supervisor
Federal Bar #7
jburke@usm.maine.edu

**CERTIFICATE OF SERVICE**
UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
I hereby certify that on November 19, 2009, I electronically filed Petitioner's Brief Responding to Respondent's First Motion in Limine, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Donna Martin, Esq., Attorney for Respondent.

/s/ E. James Burke
Cumberland Legal Aid Clinic
246 Deering Ave., Portland, ME  04102
(207) 780-4370
jburke@usm.maine.edu

---

F. Supp. 2D 200, 202 n. 1 (D. Mass.1998), *rev'd on other grounds*.
4   Fed. Rules of Civ. Procedure 44.1.