UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SONJA FALK,               )<br>                                       )<br>          Petitioner     )<br>                                       )  Docket No. 2:09-CV-346-P-S<br>v.                                    )<br>                                       )<br>JON ALAN SINCLAIR,     )<br>                                       )<br>          Respondent  ) | |

**RESPONDENT'S REPLY TO PETITIONER'S MOTION IN LIMINE**

Respondent, by and through undersigned counsel, hereby replies to Petitioner's Motion in Limine as follows.

1. Regarding J.J.F's testimony, Respondent's reply to Petitioner's Motion in Limine asking the Court to exclude testimonial evidence from J.J.F is fully documented in:

   RESPONDENT'S BRIEF ADDRESSING THE ISSUE OF WHETHER THE COURT CAN OR SHOULD TAKE TESTIMONY FROM THE MINOR CHILD IN CAMERA OR OTHERWISE, and

   RESPONDENT'S REPLY BRIEF ADDRESSING THE ISSUE OF WHETHER THE COURT CAN OR SHOULD TAKE TESTIMONY FROM THE MINOR CHILD IN CAMERA OR OTHERWISE.

   Petitioner asserts that the child's testimony under the Hague Convention is "only limited to two circumstances, neither if which applies to this case," one, where the Petition was not timely filed and, two, in relation to the child objection clause under Article 13. First, both if those circumstances do apply to this case and, second, Petitioner's analysis ignores the issue of habitual residence in Article 3. Habitual residence is a threshold issue in Petitioner's prima facie case. Respondent claims that J.J.F's habitual residence was established in the United States in 2005 and never changed from the United States. If

  habitual residence is challenged, as it is in this instance, then the Court must consider the child's perspective and acclimatization in both locations as part of that analysis. If habitual residence is found to have remained in the United States, the child should remain in the United States and custody issues should be decided in a forum here.

  JJF's testimony is an integral part of a complete Hague analysis. An *in camera* interview of JJF with the Court is permissible and is relevant to the issues of (1) habitual residence, (2) whether she is well settled in the United States, (3) if there is a risk of harm to her if she is returned to Germany, and (4) whether she objects to being returned to Germany.

2. Petitioner has objected to certain testimonial evidence from Elaina Sinclair. Respondent respectfully states that Ms. Sinclair's testimony is relevant to the issues of habitual residence and the exercise of custodial rights, and the issue of whether the child is "well settled" in her environment as well as Respondent's art. 13 defenses[1] and is therefore admissible under the Federal Rules of Evidence ("FRE") 401 and 402. Ms. Sinclair's testimony regarding J.J.F's conversation with Petitioner are permissible under FRE 803(3).

3. Petitioner objects to testimony from J.J.F.'s teachers and her counselor. The Court has indicated that testimony will be taken from these witnesses. These witnesses are relevant[2] to the issues of (1) habitual residence, (2) whether she is well settled in the United States, (3) if there is a risk of harm to her if she is returned to Germany, and (4) whether she objects to being returned to Germany and is therefore admissible under FRE 401 and 402. Respondent will not waste the court's time or present redundant testimony. The

---

[1] Hague Convention, arts.3, 12, 13.

[2] *In Re Del C.S.B*, 559 F.3d999 (Fed. 9th Cir.2009) *Feder v. Evans-Feder*, 63 F.3d 217 (3rd Cir 1995) and *Anderson v. Acree*, 250 F.Supp. 2d 879 (S.D. Ohio 2002)

   teachers are from three different school years and there is only one counselor. Testimony will be concise.

4. All testimonial and documentary evidence relating to Respondent's custodial care of J.J.F is relevant to a determination of the merits of Petitioner's Petition under the Hague Act and his affirmative defenses and is therefore admissible under FRE 401 and FRE 402

Dated at South Paris, Maine, this
20th day of November, 2009

             /s/ Donna Libbey Martin
             Donna Libbey Martin, Esq.
             Attorney for Petitioner
             628 Buckfield Road, P.O. Box 196
             South Paris, Maine 04281-0196
             (207) 615 0420
             donnalibbeymartin@gmail.com

## CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT   DISTRICT OF MAINE

I hereby certify that on November 20, 2009, I electronically filed **RESPONDENT'S REPLY TO PETITIONER'S MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: E. James Burke and David Sinclair, Attorneys for Petitioner.

 /s/ Donna Libbey Martin
 Donna Libbey Martin, Esq.
 Attorney for Petitioner
 628 Buckfield Road, P.O. Box 196
 South Paris, Maine 04281-0196
 (207) 615 0420
 donnalibbeymartin@gmail.com