UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SONJA FALK, | ) | |
| | ) | |
|     *Petitioner* | ) | |
| | ) | |
| v. | ) | Civil No. 09-346-P-S |
| | ) | |
| JON ALAN SINCLAIR, | ) | |
| | ) | |
|     *Respondent* | ) | |

**ORDER ON TAKING OF TESTIMONY FROM CHILD**

The petitioner, a German citizen who resides in Germany, has filed a petition pursuant to the Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.*, for the return of her child to Germany following the child's alleged wrongful retention by her father, a United States citizen who resides in Maine. *See* Redacted Verified Petition for Return of Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent ("Petition") (Docket No. 1). The child is now eight years old. *See id.* ¶ 5 & Exh. C thereto.

**I. Background**

By order dated October 26, 2009, *see* Docket No. 31, as amended by grant of a subsequent joint motion to extend time, *see* Docket Nos. 33-34, I directed the parties to file simultaneous briefs by November 12, 2009, addressing whether the court could and/or should take testimony from the minor child who is the subject of the instant proceeding, *in camera* or otherwise, and to file any responsive briefs by November 19, 2009.

The parties have duly filed simultaneous briefs. *See* Petitioner's Memorandum of Law in Opposition to Acceptance of Testimonial Evidence From the Minor J.J.F. in Determination of the Minor's Habitual Residence Under Article 3 or Preferences Under Article 13 of the Hague Convention ("Petitioner's Brief") (Docket No. 36); Respondent's Brief Addressing the Issue of Whether the Court Can and/or Should Take Testimony From the Minor Child, *In Camera* or Otherwise ("Respondent's Brief") (Docket No. 37). In addition, the respondent timely filed a responsive brief. *See* Respondent's Reply Brief Addressing the Issue of Whether the Court Can and/or Should Take Testimony From the Minor Child, *In Camera* or Otherwise ("Respondent's Response") (Docket No. 46).

The respondent requests that the child's testimony be taken, arguing that it is relevant to (i) the threshold question of the location of the child's habitual residence, (ii) the affirmative defense under Article 12 of the Hague Convention that the petition was untimely filed and the child has become well-settled (the "well-settled" affirmative defense), (iii) the affirmative defense under Article 13 of the Hague Convention that the child objects to being returned to Germany and is sufficiently mature that it is appropriate to take those views into account (the "child's objection" affirmative defense), and (iv) the affirmative defense under Article 13(b) of the Hague Convention that the child faces a grave risk of harm if returned to Germany (the "grave risk" affirmative defense). *See* Respondent's Brief; Respondent's Response.

The petitioner objects to the taking of the child's testimony, contending that (i) it is irrelevant as a matter of law to the question of habitual residence, (ii) while it is relevant to the "well-settled" and "child's objection" affirmative defenses, those defenses are inapposite in this case, and, (iii) in any event, the taking of the child's testimony on affirmative defenses is

improper unless preceded by a finding that her habitual residence is in fact in Germany. *See* Petitioner's Brief.

Both parties agree that, if the child's testimony is taken, it should be taken *in camera*. *See id.* at 6 n.23; Respondent's Brief at 3. The petitioner asks that, if the child's testimony is taken, the parties be permitted an opportunity to submit proposed questions. *See* Petitioner's Brief at 6 n.23. I have previously indicated that, were the child's testimony to be taken, the parties would indeed be afforded this opportunity. *See* Docket No. 31 at 3.

For the reasons that follow, I conclude that the child's testimony should be taken.

## II. Discussion

As the petitioner concedes, *see* Petitioner's Brief at 2, a child's testimony is relevant to both the "well-settled" and "child's objection" affirmative defenses, *see also, e.g., Blondin v. Dubois*, 238 F.3d 153, 158 & n.4 (2d Cir. 2001) (child's views on repatriation ordinarily arise under Article 12 "well-settled" exception and Article 13 exception for mature child's objection). Indeed, it is the heart of the "child's objection" defense. In addition, a child's testimony may also be relevant to a "grave risk" affirmative defense. *See, e.g., id.* at 166.

It cannot be said, at this stage of the proceedings, that the petitioner's invocation of any of these three affirmative defenses is so lacking in merit that the defenses are inapposite. Further, with respect to the "child's objection" affirmative defense, I am unwilling to rule as a matter of law that an eight-year-old child is too immature to prevent him or her from testifying at all. *See Yang v. Tsui*, 499 F.3d 259, 279 (3d Cir. 2007) ("The Convention does not set an age at which a child is automatically considered to be sufficiently mature[;] rather[,] the determination is to be made on a case-by-case basis."). There is ample precedent for the taking of testimony from a child of the same approximate age as this child, on the basis of which the questions of the

child's maturity, and any weight to be given to his or her testimony, then are decided. *See, e.g., Simcox v. Simcox*, 511 F.3d 594, 600 (6th Cir. 2007) (after taking testimony from eight-year-old, lower court concluded that he was not sufficiently mature to take his views into consideration); *Anderson v. Acree*, 250 F. Supp.2d 876, 882-84 (S.D. Ohio 2002) (after taking testimony from eight-year-old, court concluded that she was sufficiently mature to take her views into consideration, but did not rely solely on them in reaching decision not to repatriate her); *Mendez Lynch v. Mendez Lynch*, 220 F. Supp.2d 1347, 1362 (M.D. Fla. 2002) (after taking testimony from nine-year-old, court concluded that he was sufficiently mature to take his views into account, but exercised discretion to repatriate child despite those views).

While it is less clear whether the child's testimony ultimately will bear on the threshold question of habitual residence, I decline to rule that it is irrelevant as a matter of law. The case of *Mozes v. Mozes*, 239 F.3d 1067 (9th Cir. 2001), which the petitioner cites, *see* Petitioner's Brief at 3 n.10, and which appears to be the leading case on habitual-residence analysis, having been adopted by most circuit courts to consider its application, *see Koch v. Koch*, 450 F.3d 703, 709, 715 (7th Cir. 2006); *see also, e.g., Diaz Arboleda v. Arenas*, 311 F. Supp.2d 336, 341 (E.D.N.Y. 2004) (describing *Mozes* as "a well-reasoned and often-cited case" on the subject of habitual residence),[1] leaves the door open to consideration of a child's testimony, *see Mozes*, 239 F.3d at 1078 ("While the decision to alter a child's habitual residence depends on the settled intention of the parents, they cannot accomplish this transformation by wishful thinking alone. First, it requires an actual change in geography. Second, home isn't built in a day. It requires the passage of an appreciable period of time, one that is sufficient for acclimatization.") (citations and internal punctuation omitted); *see also Koch*, 450 F.3d at 709 (parents' "shared

---

[1] The First Circuit has not yet confronted the question; however, it presumably would join its sister circuits in embracing *Mozes*' scholarly analysis.

intent, under the Ninth Circuit's approach, could be overcome if the child had become acclimatized to the new place"). My research discloses that at least one court, on the strength of the *Mozes* analytical construct, has in fact taken a child's testimony into account in determining the threshold issue of habitual residence, although the court did not deem the child's testimony controlling. *See Ago v. Odu*, No. 8:09-cv-976-T-17TBM, 2009 WL 2169857, at *10 (M.D. Fla. July 20, 2009).

### III. Conclusion

To summarize, because in this case the child's testimony potentially is relevant to the threshold question of habitual residence as well as to the "well-settled," "child's objection," and "grave risk" affirmative defenses discussed above, I will permit it to be taken *de bene esse*, reserving ruling on its relevance and the weight, if any, to which it might be entitled.

The petitioner suggests, without citation to authority, that the taking of such testimony is improper unless and until a finding is made that the child's habitual residence was in Germany, thereby shifting the burden to the respondent to prove one or more of his affirmative defenses. *See* Petitioner's Brief at 5. While I am sensitive to any concern that this young child's testimony not be needlessly elicited, I decline to bifurcate these proceedings. First, as discussed above, the child's testimony *might* be relevant to the threshold issue of habitual residence. Second, even were the testimony relevant solely to the respondent's affirmative defenses, I have previously informed counsel that I am inclined to take evidence in one unified proceeding rather than adjudicating these complex and weighty matters in piecemeal fashion, even if such evidence is admitted *de bene esse* if necessary. Finally, I am confident that the child's testimony can be taken in such a fashion as to minimize any discomfort flowing from the taking of the testimony

itself.  To that end, I propose to take the child's testimony *in camera*, as both parties agree, and in the presence of only two other individuals, my law clerk and the court reporter.

In view of the foregoing, the parties are ***DIRECTED*** to file with the court, no later than noon on Monday, November 30, 2009, proposed questions to be asked of the child, as well as any comment on the manner in which I have proposed to take the child's testimony.

***SO ORDERED***.

Dated this 23rd day of November, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge